TYSON, Judge.
Edward Eugene Calhoun was indicted for assault in the first degree in violation of § 13A-6-20, Code of Alabama 1975. The jury found the appellant guilty of the lesser included offense of assault in the second degree and the trial judge sentenced him to 20 years’ imprisonment in the penitentiary as a habitual offender.
The facts of the case will be stated briefly. On the night of October 1, 1983, the victim, Todd Howell, was stabbed by the appellant. Howell and the appellant did not know each other prior to this occasion. There was evidence that both Howell and the appellant had been drinking heavily that night.
I
On rebuttal the State offered the testimony of two officers, Danny Shirah and John Collier. Both officers testified that they had known the appellant for five years and each had seen him intoxicated on approximately ten occasions. The officers stated this appellant was violent on four or five of those ten occasions. Both officers stated that the four or five times the appellant became violent, he was under arrest. They admitted that the appellant did not have a habit of becoming violent when he was intoxicated but did have a habit of becoming violent when arrested.
The State was attempting to prove that this appellant had a habit of becoming violent when he was intoxicated and, therefore, since he had been drinking on the night in question he became violent and stabbed the victim, Howell. Defense counsel objected to the officers’ testimonies at trial and contends on appeal that this evidence was inadmissible because it constituted evidence of the appellant’s bad character rather than his habit of becoming violent whén he is intoxicated.
Generally, the State cannot present evidence of an accused’s bad character to prove that the accused acted with that trait of character on a particular occasion unless the accused has previously offered evidence of his good character. Gamble, McElroy’s Alabama Evidence, § 42.01(1) (3d ed. 1977). The exception to this rule is that the habit of a person can be introduced as proof that the person acted in conformity with that habit on a particular occasion. McElroy’s, supra, § 42.01(3).
The issue before us is to determine whether Officers Shirah’s and Collier’s testimonies constituted evidence of the appellant’s bad character or evidence of the appellant’s habit of becoming violent while intoxicated. Character and habit are closely related concepts. However, the distinction between the two is extremely important because that distinction determines whether certain evidence is admissible or not.
“Character is a generalized description of a person’s disposition, or of the disposition in respect to a general trait, such as honesty, temperance or peacefulness. Habit, in the present context, is more specific. It denotes one’s regular response to a repeated situation_ A habit ... is the person’s regular practice of responding to a particular kind of situation with a specific kind of conduct.” E. Cleary, McCormick on Evidence, § 195 (3d ed. 1984).
The underlying rationale for the admission of habit evidence to prove that an individual acted in a certain way on a particular occasion is that evidence that an *870 mdividual habitually does a certain thing, has more probative value than the general character traits of that individual. However, habit evidence can be established if, and only if, there is evidence that a person repeatedly and regularly responds to a particular situation in a particular manner. McCormick’s, supra, § 195. Thus, in order to present evidence that a person has a habit of doing a particular thing, evidence must be presented that this person almost always does this particular thing when confronted with this particular situation.
In the case at bar, Officers Collier’s and Shirah’s testimonies were not sufficient to prove that the appellant has a habit of becoming violent when he is intoxicated. The officers stated that they had seen the appellant intoxicated on ten occasions but that he was violent on only four or five of those ten occasions. Half of the times the officers saw the appellant intoxicated he was violent. The other half of the occasions he was not. Certainly this evidence was not sufficient to prove the appellant had a habit of becoming violent while intoxicated. If so, then it could be said that he also had a habit of being peaceful while intoxicated. The officers’ testimonies were not evidence of the appellant’s habit but were evidence of his bad character (he is not a peaceful person). Therefore, this evidence could not be used to prove that since he was intoxicated on the night in question he became violent and stabbed the victim, Howell.
Furthermore, the officers stated that the appellant had a habit of becoming violent when he was arrested. Certainly this was not probative of the appellant’s conduct on the night of the assault.
The State, in its brief, contends that this evidence was not error because the appellant was allowed to present evidence of Howell’s habit of becoming violent while intoxicated. Defense counsel presented the testimony of Randy Sasser who stated he had known Howell for two years. Sas-ser testified that he had seen Howell drinking on fifty or more occasions and that, on five or six occasions, lent. Howell became vio-
Just because Sass ir was allowed to testify for the defense is that Officers Shirah’s anc Collier’s testimonies did not constitute no reason to hold reversible error. ih Howell’s habit intoxicated. Nei-Based on the above discussion, Sasser’s testimony did not establi of becoming violent while ther Sasser’s testimony nor the officers’ testimonies should have been admitted and, in this instance, two wrongs do not make a right.
Therefore, this case is reversed and remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.